A90A0300. GUY v. McKENZIE et al.
(394 SE2d 576)

McMURRAY, Presiding Judge.

Shortly after plaintiff Guy obtained and ingested controlled substances, the automobile he was driving failed to negotiate a curve, left the road and struck a telephone pole, resulting in serious injuries to plaintiff. Plaintiff seeks damages for his personal injuries and property damage alleging that they are the result of the negligence of defendant McKenzie d/b/a McKenzie Drugs in failing to properly secure access to controlled substances thereby permitting an employee of the pharmacy, defendant Marr, who was not a registered pharmacist, to provide plaintiff with the drugs without a prescription.

Defendant Marr had been removing controlled substances from his employer and selling them for one-and-a-half to two years, but was discovered only when he attempted to sell them to an undercover

police officer several months after plaintiff's automobile wreck. Plaintiff argues that defendant McKenzie was negligent in permitting a non-pharmacist to have access to the controlled substances and in failing to conduct accurate inventories which would have exposed the removal. *Held*:

This appeal is taken from the grant of summary judgment in favor of defendant McKenzie. Plaintiff's eight enumerations of error present a single issue, whether this case is controlled by *Sutter v. Hutchings*, 254 Ga. 194, 198 (fn. 7) (327 SE2d 716). We hold that it is and affirm.

"As between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider. [Cit.]" *Sutter v. Hutchings*, 254 Ga. 194, 198 (fn. 7), supra. See also *Southern Bell Tel. &c. Co. v. Altman*, 183 Ga. App. 611, 612 (1) (359 SE2d 385). Contrary to plaintiff's contention, we view the above principle equally applicable where, as in this case, the drug involved is a controlled substance (see OCGA § 16-13-1 et seq.) rather than alcohol.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 4, 1990 —
REHEARING DENIED MAY 16, 1990 —

*Charles P. Giallanza, Marc W. Mendelson*, for appellant.
*Swift, Currie, McGhee & Hiers, Julie L. Ginden, Stephen L. Cotter, Joseph E. Weatherford, Jr.*, for appellees.