Charles A. PARKER, Individually and as Next Friend of Rosalie C. Parker, Appellant,

v.

Garry Robert YEN and Revco Discount Drug Centers, Inc., Appellees.

No. 05–91–00199–CV.

Court of Appeals of Texas, Dallas.

Dec. 23, 1991.

Rehearing Denied Feb. 19, 1992.

Charles J. Fortunato, Michael F. Pezzulli, Dallas, for appellant.

Jonathan P. Ayers, Richard Bernays, James H. Holmes, III, Dallas, for appellees.

Before STEWART, OVARD and CHAPMAN, JJ.

## OPINION

STEWART, Justice.

Charles A. Parker appeals the summary judgments in favor of appellees, Garry

Robert Yen and Revco Discount Drug Centers, Inc. In three points of error, Parker contends that the trial court erred in granting the summary judgments because there were genuine issues of material fact about (1) proximate cause and (2) whether the statute of limitations barred Parker's claims, and because (3) the summary judgments were based on grounds and claims not pleaded in the motions. For the reasons given below, we affirm in part and reverse and remand in part.

## BACKGROUND FACTS

Parker alleged in his original petition that Yen, a pharmacist employed by Revco, misfilled a prescription for Sinequan on May 7, 1987, and gave Mrs. Parker another drug, Dalmane. Dalmane is a fast-acting sleeping aid used for the treatment of insomnia. Further, Parker alleged that as a result of ingesting Dalmane on May 9, 1987, Mrs. Parker fell asleep while operating a motor vehicle and collided with another vehicle. She suffered severe injuries and is now an invalid requiring continuous care. Parker sent Yen and Revco notices of a health care liability claim on April 27, 1989. Parker filed suit on July 11, 1989, against Yen and Revco asserting causes of action against both based on medical malpractice, negligence per se, and the Deceptive Trade Practices Act (DTPA), and against Revco only for common law negligence.

On October 20, 1989, Yen moved for summary judgment on the DTPA claim, urging the two-year statute of limitations as a bar. On November 1, 1989, Revco moved for summary judgment asserting the two-year statute of limitations as a defense against all of Parker's claims. Revco amended its motion for summary judgment on November 27, 1989, to allege that any prescription medication received by the Parkers from it or Yen did not proximately cause the accident in question. Revco based this additional ground on Parker's responses to interrogatories submitted by Revco. On December 22, 1989, the trial court granted Revco's motion for summary judgment on the DTPA claim only. The partial summary judgment pro-

vided Revco could reurge the motion if it found further authority. In a second motion for summary judgment filed in August 1990, Yen asserted the two-year statute of limitations as a bar to all of Parker's claims and, based on Parker's answers to Revco's interrogatories, he also pleaded that lack of proximate cause barred all of Parker's claims. Later, Yen filed a supplemental motion alleging he had no duty to Mrs. Parker because she voluntarily ingested the Dalmane and voluntarily drove her automobile. On November 12, 1990, the trial court granted summary judgment to both Yen and Revco.

## STANDARD OF REVIEW

Any party may move for a summary judgment under rule 166a of the Texas Rules of Civil Procedure. In reviewing a summary judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970).

For a defendant as movant to prevail on a summary judgment, he must either (1) disprove at least one element of plaintiff's theory of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *Traylor v. Unitedbank Orange,* 675 S.W.2d 802, 804

(Tex.App.—Beaumont 1984, writ ref'd n.r.e.). To obtain a summary judgment on an affirmative defense, such as statute of limitations, the movant must prove all elements of that defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

Both defendants offered alternative theories to support their motions for summary judgment. The court granted both motions, but failed to state the ground or grounds relied on. Under these circumstances, the party appealing from the trial court's order, Parker, must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Insurance Co. of North Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ); *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

## STATUTE OF LIMITATIONS

Parker argues that summary judgment was improper if it was granted on the ground that the claims were barred by the applicable statute of limitations. He specifically contends that the running of the limitations period was tolled on the medical malpractice and negligence claims and that appellees failed to negate the discovery rule on the DTPA claim.

### Deceptive Trade Practices Act

Parker first argues that the DTPA two-year statute of limitations does not bar the suit because the cause of action accrued on May 9, 1987, the day Mrs. Parker suffered her injuries, and at that same time, she was placed under a mental disability that tolled the statute of limitations. TEX.CIV.PRAC. & REM.CODE ANN. § 16.001(a)(2) & (b) (Vernon Supp.1991).

■ Yen contends that the cause of action accrued on May 7, 1987, when the prescription was allegedly misfilled and that Mrs. Parker's disability did not arise until May 9, 1987. According to Yen, because Mrs. Parker was not under any legal disability on May 7, 1987, the limitation period was not suspended. TEX.CIV.PRAC. &

REM.CODE ANN. § 16.001(d) (Vernon 1986). We agree with Yen that the DTPA cause of action accrued on May 7, 1987, TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987), and that Mrs. Parker's alleged disability did not toll the running of the limitations period.

However, Parker also contends that Yen and Revco did not negate the discovery rule and, that therefore, they were not entitled to summary judgment on the DTPA claim under *Eshleman v. Shield*, 764 S.W.2d 776 (Tex.1989). Parker raised the issue of the discovery rule in his response to appellees' summary judgments. The court in *Eshleman* held that the movant for summary judgment on a DTPA claim had the burden to prove as a matter of law that the nonmovant consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice more than two years before suit was filed. *Id.* at 777. Because the summary judgment evidence in *Eshleman* did not establish when the deceptive act was discovered or should have been, the court found that a genuine issue of material fact existed barring summary judgment. *Id.*

■ Section 17.565 of the Texas Business and Commerce Code, which contains the applicable two-year statute of limitations for the DTPA, provides:

All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). Thus, the section incorporates the discovery rule. A party moving for summary judgment on the basis that the statute of limitations bars a DTPA cause of action must negate the discovery rule. *Eshleman*, 764 S.W.2d at 777. *See Burns v. Thomas*, 786 S.W.2d 266, 267–68 (Tex. 1990). Yen and Revco failed to establish

when the Parkers knew or should have known of the alleged deceptive acts. They are not entitled to summary judgment on the ground that limitations bars the DTPA claim because resolution of when the Parkers knew or should have known of the alleged deceptive acts is material to whether the suit is barred by the limitations period.

## Medical Malpractice

■ Parker also argues that the trial court erred in holding the statute of limitations had run on the medical malpractice claims. Parker, on appeal, concedes that Revco is not subject to a health care liability claim under the Medical Liability and Insurance Improvement Act (the Act) because it is not a health care provider as defined by the Act. TEX.REV.CIV.STAT.ANN. art. 4590i § 1.03(a)(3) (Vernon Supp.1991). Therefore, Parker does not dispute Revco's summary judgment on the medical malpractice claim. He does, however, appeal as to Yen. Yen argues that the statute of limitations bars a claim for medical malpractice under section 10.01 of the Act. Section 10.01 provides that no health care liability claim may be commenced unless suit is filed within two years from the occurrence of the breach. The passage of this current limitations provision abolished the application of the discovery rule to cases governed by the Act. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985).

Parker argues that the two-year statute of limitations tolled because section 4.01 of the Act provides that if written notice of a claim of health care liability is given, then the applicable statute of limitations tolls for a period of seventy-five days following the notice. Parker gave the required notice on April 27, 1989. The seventy-five day tolling period ended on July 12, 1989, and Parker filed suit on July 11, 1989. *See Phillips v. Sharpstown Gen. Hosp.*, 664 S.W.2d 162, 166–67 (Tex.App.—Houston [1st Dist.] 1983, no writ). We hold that the summary judgment evidence proves as a matter of law that the limitations statute was tolled on the medical malpractice claim against Yen.

## Negligence

For the claims of common law negligence and negligence per se, Parker contends that there is a genuine issue of material fact whether Mrs. Parker's disability tolled the running of the limitations period. He argues that these causes of action accrued on the date of Mrs. Parker's personal injuries, May 9, 1987, and that, contemporaneous with the accrual, Mrs. Parker was placed under a mental disability. This disability, he argues, tolled the running of the statute of limitations. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.001(a)(2) & (b) (Vernon 1986).

■ Revco and Yen argue that the causes of action accrued on the date the prescription was allegedly misfilled, May 7, 1987, and that Mrs. Parker's alleged disability did not toll the statute of limitations because the disability did not arise until after the cause of action accrued. TEX.CIV. PRAC. & REM.CODE ANN. § 16.001(d) (Vernon 1986). Revco relies on the basic rule that a negligence cause of action accrues when the duty of ordinary care is breached by the defendant's act or omission, even if the plaintiff is unaware of the cause of action or even if damages are not ascertainable until a later date. *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967); *Blondeau v. Sommer*, 139 S.W.2d 223, 225 (Tex.Civ. App.—Galveston 1940, writ ref'd). The basic rule applies when the injury for which the plaintiff sues occurs at the time the negligent act is committed. We conclude that this rule does not apply to our facts because the allegedly negligent act and the injury for which the Parkers sue did not occur at the same time. In the alternative, Revco argues that, under these circumstances, where the defendant's conduct is separated in time from the harm it causes the plaintiff, we should follow those Texas cases that apply the "legal injury" rule. *Zidell v. Bird*, 692 S.W.2d 550, 554 (Tex. App.—Austin 1985, no writ). The essence of this rule is that the plaintiff's cause of action accrues when the defendant's conduct first becomes "unlawful" as to the plaintiff under the law applicable to the circumstances of the case. *Id.* The defen-

dant's conduct becomes unlawful when it "results in an invasion of the plaintiff's legally protected interest, so that he may obtain an immediate remedy in court, [and] his right of action 'accrues' with the invasion, provided some legally cognizable injury however slight, has resulted from the invasion or would necessarily do so." *Id.* at 555.

Revco argues that the alleged negligent act here was itself illegal and, therefore, the statute began to run from the time the act was committed on May 7, 1987, even though little, if any, actual damage occurred on commission of the tort. *Atkins v. Crosland,* 417 S.W.2d at 153. It maintains that Mrs. Parker would have at least lost the benefit of the bargain through the negligent misfilling of her prescription and that this loss of bargain was sufficient to constitute a "legal injury," entitling her to sue the appellees.

On the other hand, Parker relies on the language in *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977), that a cause of action accrues in personal injury cases when the wrongful act effects an injury, regardless of when the plaintiff learns of the injury. Revco would have us interpret this language to mean that the personal injury cause of action accrues when the wrongful act causes *any* "legal injury," and Parker maintains that it accrues only when the wrongful act causes a "personal" injury.

■ The word "accrues" embodies a substantive law concept, and the courts must determine when a cause of action accrues and thus when the statute of limitations commences. *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). The question of law arises out of the application of the statute of limitations to the facts ascertained as they relate to the cause of action pleaded. *Port Arthur Rice Milling Co. v. Beaumont Rice Mills,* 105 Tex. 514, 143 S.W. 926, 928 (1912). The statute begins to run when a suit can be commenced upon the claim asserted. *Luling Oil & Gas Co. v. Humble Oil & Ref. Co.,* 144 Tex. 475, 191 S.W.2d 716, 722 (1946).

■ The elements of a cause of action for negligence include *an* invasion of *an* interest of another that is protected against unintentional invasion. RESTATEMENT (SECOND) OF TORTS § 281 (1965). Under our facts, Yen's allegedly negligent conduct invaded two separate interests of Mrs. Parker, both of which are protected against unintentional invasion, *i.e.,* her economic interest and her interest in bodily security. Under the Restatement's declaration of the elements of a negligence cause of action, a right of action arises for each invasion of an interest, provided the other necessary elements are present. Thus, under our facts, we conclude that Yen's conduct gave Parker two causes of action. First, Mrs. Parker had an immediate remedy in court to seek a properly filled prescription or restitution of its purchase price; therefore, we agree that her cause of action for invasion of her economic interest accrued at the time the prescription was misfilled on May 7, 1987.

On the other hand, Yen's conduct did not invade Mrs. Parker's interest in her bodily security until she suffered bodily injury as a result of ingesting the Dalmane and driving the car under its effects. Hence, her cause of action for bodily injury accrued as the time of this invasion on May 9, 1987. It was not until then that *this tort* was complete and that she had a mature right to sue for her personal injuries.

■ Appellees did not controvert Parker's summary judgment proof as to Mrs. Parker's mental disability. We hold that this evidence raised a genuine issue of material fact of whether the statute of limitations was tolled for the negligence causes of action under Section 16.001 of the Texas Civil Practice and Remedies Code.

## PROXIMATE CAUSE

Parker also argues that the trial court erred in holding, if it did, that there was no genuine issue of material fact as to proximate cause. Based on Parker's interrogatory responses, Yen and Revco argue that any negligence or wrongful conduct on their part did not proximately cause Mrs. Parker's injuries.

The interrogatories attached to the motion for summary judgment included the following two interrogatories:

Interrogatory No. 5: Who delivered the prescription in question in this case to Revco, and state the approximate time and date of such delivery?

Answer: There was no prescription delivered to Revco Pharmacy.

Interrogatory No. 11: Please state all medications which Rosalie C. Parker was taking in the period from May 1, 1987 through May 9, 1987, and the condition for which such medications were prescribed, as well as the doctor who prescribed the same.

Answer: Dilantin—to prevent seizures. Sinequan—to relieve stress so she would have more strength for taking exercise.

Because Dalmane was not listed in response to Interrogatory No. 11, Yen and Revco argue the response to this interrogatory provided sufficient uncontradicted evidence that Mrs. Parker never took Dalmane; therefore, this evidence establishes as a matter of law that any misfilled prescription did not proximately cause the accident. In addition, Yen and Revco contend that the answer to Interrogatory No. 5 establishes a prescription was not delivered to Revco, and, absent delivery of a prescription, there could be no misfilled prescription, no improperly labelled bottle, no failure to warn, no possibility Dalmane was given to Mrs. Parker, and no proximate cause of damages to Mrs. Parker.

■ Parker, however, contends that the identity of a drug not prescribed by a doctor for a particular condition and only taken on one occasion is not responsive to Interrogatory No. 11. In addition, he maintains that Interrogatory No. 5 is ambiguous because delivery as used in the interrogatory is subject to more than one interpretation. Parker argues that the interrogatories are equivocal and themselves raise a fact issue barring summary judgment. We agree. Responses to equivocal interrogatories yield equivocal evidence that raises an issue of fact and will not support summary judgment. *City of*

*Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979) (movant must conclusively prove all essential elements of its defense as a matter of law).

Yen and Revco argue that Parker waived any objection to the form of the interrogatories. TEX.R.CIV.P. 168(6). This argument misses the point. Even if Parker waived objection to the form of the interrogatories, the waiver would not transform the ambiguity inherent in the questions and, thus, the responses into conclusive proof. Yen and Revco relied on the answers to the interrogatories as summary judgment proof. Parker answered the interrogatories according to his interpretation of them. Appellees interpreted them differently. The varying interpretations simply prove the interrogatories, along with the responses to them, raise fact issues barring summary judgment. The trial court erred if it granted summary judgment by holding that the response to Interrogatories No. 5 and No. 11 showed lack of proximate cause as a matter of law.

■ Finally, Yen argues that "as between [the] provider and consumer, the consumer has the last opportunity to avoid the effect of the [drug] by not [taking it] or not driving, and thus, as between the two, the negligence of the consumer is greater." *Guy v. McKenzie,* 195 Ga.App. 670, 394 S.E.2d 576, 577 (1990). Yen contends that recovery against him is prohibited because of the above principle and because Texas only allows recovery to a claimant if the claimant's percentage of responsibility is less than or equal to fifty percent. TEX. CIV.PRAC. & REM.CODE ANN. § 33.001(a) (Vernon Supp.1991). Yen argues that Mrs. Parker's negligence is greater than his because she had the last opportunity to avoid taking the drug and, therefore, her responsibility exceeds fifty percent.

Yen's reliance on *Guy v. McKenzie* is misplaced. In that case, the consumer knowingly purchased a controlled substance without a prescription from an employee of a pharmacy. The consumer knew the identification of the drug when he took it, after which he drove his car and hit a telephone pole. He then sued the pharma-

cy for negligently failing to prevent its employee from selling him the drug. The court held under these facts that the consumer's negligence was the greater.

Under our facts, there is no evidence that Mrs. Parker knew she was taking Dalmane rather than Sinequan; therefore, she had no reason "to avoid the effect of [Dalmane] by not [taking it] ..." *Guy*, 394 S.E.2d at 577. Yen has presented no evidence indicating Mrs. Parker was negligent in taking the Dalmane. Accordingly, he has not proven as a matter of law that her percentage of responsibility was more than fifty percent. *Id.*

In summary, we reverse that portion of the trial court's judgment granting Yen's motion for summary judgment; we affirm that portion of the trial court's judgment awarding Revco summary judgment on the medical malpractice claim and otherwise reverse the summary judgment awarded Revco; we remand this case to the trial court for further proceedings consistent with this opinion.