**Patricia Louise ELLERT, Appellant,**

v.

**Raymond P. LUTZ, Appellee.**

No. 05–95–00530–CV.

Court of Appeals of Texas, Dallas.

July 23, 1996.

Noemi A. Collie, Law Office of Noemi A. Collie, Dallas, for Appellant.

Blake O. Broderson, Assistant Attorney General, General Litigation Division, Austin, for Appellee.

Before WHITTINGTON, DEVANY and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

The trial court granted a summary judgment against Ellert providing that she take nothing on her libel claim against Lutz. In six points of error, Ellert asserts the trial court erred in granting summary judgment against her because: (1) limitations did not bar her claim; (2) res judicata did not bar her claim; (3) Lutz's claims of immunity did not defeat her claim; and (4) the trial court erred in determining that Lutz's statements did not constitute actionable defamation.

The trial court's judgment does not specify the ground or grounds upon which it based its summary judgment. Thus, appellant bears the burden on appeal of showing that the trial court erred as to each ground asserted by Lutz for summary judgment. *Parker v. Yen*, 823 S.W.2d 359, 362 (Tex. App.—Dallas 1991, no writ).

We conclude that limitations barred Ellert's claim. Therefore, we will address only Ellert's first point of error. TEX.R.APP.P. 90(a).

## FACTUAL BACKGROUND

Ellert began working for Lutz as a secretary in December of 1988. In 1989, differences and conflicts arose between Ellert and Lutz. Lutz fired Ellert on March 14, 1991. Ellert brought suit against Lutz in federal court asserting her termination was predicated on an impermissible gender-based distinction. *See Ellert v. University of Tex. at Dallas*, 52 F.3d 543, 544 (5th Cir.1995). The Fifth Circuit Court of Appeals affirmed the trial court's summary judgment against Ellert. *Ellert*, 52 F.3d at 546.

On July 18, 1994, Ellert sued Lutz for defamation in state court. The basis of El-

lert's libel claim was a memorandum from Lutz to Jerry Robinson regarding Ellert's termination. Robinson was director of personnel at the university. The allegedly libelous memorandum was dated April 5, 1991. Undisputed summary judgment evidence established that the subject memorandum was received by Robinson on April 5, 1991, and placed in Ellert's personnel file on or about that date. The summary judgment evidence also established that the memorandum was not published at any other time outside the university.

Ellert obtained a copy of the subject memorandum in the course of discovery in the federal litigation on or about October 6, 1993. In pleadings at trial and on appeal, Ellert asserted she did not see the April 5 memorandum until it was produced in the federal litigation. However, Ellert presented no summary judgment evidence establishing that she did not have knowledge of the memorandum prior to the time it was produced in the federal litigation.

## DISCUSSION

### A. Applicable Law

#### 1. Standard of Review

■ In reviewing a summary judgment, we apply the following standards: (1) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a genuine issue of material fact precluding summary judgment, we take the evidence favorable to the nonmovant as true; and (3) we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A fact is established as a matter of law if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982); *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 657–58 (Tex.App.—Dallas 1992, no writ). Conflicting evidence gives rise to genuine issue(s) of fact. *See Randall v. Dallas Power & Light Co.,* 752 S.W.2d 4, 5 (Tex.1988) (per curiam). Ambiguous evidence gives rise to genuine issues of fact. *See Parker v. Yen,* 823 S.W.2d 359, 365 (Tex.App.—Dallas 1991, no writ).

■ We may consider only the grounds expressly set forth in the motion for summary judgment and the issues of fact expressly set forth in the response thereto. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341–43 (Tex.1993). However, the nonmovant's failure to respond cannot supply by default the summary judgment proof necessary to establish movant's entitlement to judgment. *Id.* at 342.

■ The summary judgment rule does not provide for a trial by deposition or affidavit. *See Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The rule provides a method for summarily ending a case that involves only a question of law and no genuine material fact issue. *See id.* The trial court's duty is to determine if there are any material fact issues to try, not to weigh the evidence or determine its credibility and try the case on affidavits. *See Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. The rule is not intended to deprive the litigants of their right to a full hearing on the merits of any real issue of material fact. *See id.*

■ A movant must show its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action or defense as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The trial court may not grant summary judgment by default against the nonmovant for failing to respond to the motion when the movant's summary judgment proof is legally insufficient. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). To show its right to a summary judgment, a defendant must either disprove an essential element of the plaintiff's cause of action as a matter of law or establish all elements of its defense as a matter of law. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970);

*Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied).

A defendant moving for summary judgment on the basis of limitations bears the burden of showing that the claim against it is barred by limitations as a matter of law. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983) (per curiam). "A defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered the nature of the injury." *Burns*, 786 S.W.2d at 267.

### 2. The Discovery Rule

The discovery rule is an exception to the general rule that a cause of action accrues when facts come into existence authorizing a claimant to seek a judicial remedy. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). When applied, the discovery rule defers the accrual of a cause of action until the claimant discovers, or through the exercise of reasonable care and diligence should have discovered, the nature of her injury. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex.1996); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990). The determination of whether the discovery rule applies to a particular cause of action is a question of law. *See Moreno*, 787 S.W.2d at 351.

The discovery rule does not apply to all causes of action. In fact, the supreme court has noted that the discovery rule "in application, proves to be a very limited exception to statutes of limitations." *Altai*, 918 S.W.2d at 455. Generally, the discovery rule has been applied to cases where: (1) the nature of the injury incurred is inherently undiscoverable and (2) the evidence of the injury is objectively verifiable. *Altai*, 918 S.W.2d at 456; *S.V. v. R.V.*, 39 Tex. Sup.Ct. J. 386, 389–90, 1996 WL 112206 (Mar. 14, 1996).

To be "inherently undiscoverable", an injury need not be absolutely impossible to discover, else suit would never be filed and the question of whether to apply the discovery rule would never arise. Nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover his injury within the prescribed period of limitations; discovery of a particular injury is dependent not solely on the nature of the injury but on the circumstances in which it occurred and plaintiff's diligence as well. An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence.

*S.V.*, 39 Tex. Sup.Ct. J. at 390.

### 3. Limitations and Libel Claims

Libel claims are governed by a one-year statute of limitations. TEX.CIV.PRAC. & REM.CODE ANN. § 16.002(a) (Vernon Supp. 1996). Generally, a cause of action for libel "accrues when the injury occurs and limitations runs against the action to recover damages for the consequences from the date of the communications ... and not from the date of consequences." *Moore & Assocs. v. Metropolitan Life Ins. Co.*, 604 S.W.2d 487, 491 (Tex.Civ.App.—Dallas 1980, no writ); *accord Langston v. Eagle Publishing Co.*, 719 S.W.2d 612, 615 (Tex.App.—Waco 1986, writ ref'd n.r.e.).

### B. Application of Law to Facts

The question before us is whether the discovery rule applies to Ellert's libel claim. Ellert does not dispute that her claim is barred by limitations if the discovery rule does not apply.

The basis of Ellert's claim is Lutz's sending the April 5 memorandum to Robinson and its subsequent placement in her personnel file. The summary judgment evidence proves that Ellert had access to her personnel file. She examined it on March 28, 1991. Lutz submitted an affidavit executed by Robinson which proved that Ellert "had complete access to her personnel file ... at all times prior to and after her date of termination." Ellert does not dispute this.

We conclude the basis of Ellert's claim, the April 5 memorandum, was not inherently

undiscoverable. The undisputed summary judgment evidence shows that Ellert had easy access to her personnel file and the memorandum at all times. The summary judgment record shows that Ellert was involved in administrative and judicial proceedings regarding her termination for several years after the memorandum was placed in her personnel file. In view of these facts, we hold that Ellert's libel claim does not meet the first element of the *Altai* test for application of the discovery rule.

Ellert relies on *Kelley v. Rinkle* to argue for the application of the discovery rule to her claim. 532 S.W.2d 947 (Tex.1976). In *Kelley,* the supreme court determined that the discovery rule applied to a claim of libel to credit reputation. *Kelley,* 532 S.W.2d at 949. Our review of *Kelley* does not persuade us that the discovery rule should be applied to Ellert's cause of action. *Kelley* was not decided on the basis of the *Altai* test. Rather, it was decided on broader based policy considerations regarding the potential for abuse and the probability that limitations will run before the wrongful conduct is discovered. The policy considerations relied on by the *Kelley* court are not present in this case. Thus, *Kelley* is not persuasive with respect to Ellert's case.

### DISPOSITION

The discovery rule does not apply to Ellert's libel claim. Lutz proved as a matter of law that Ellert's claim was barred by limitations. We overrule Ellert's first point of error. Because of our disposition of Ellert's first point of error, we do not reach her other points of error. Tex.R.App.P. 90(a). We affirm the trial court's judgment.