Robert **ESHLEMAN**, et ux., Petitioners,

v.

**J. Michael SHIELD, Sr., Respondent.**

No. C-7994.

Supreme Court of Texas.

Feb. 15, 1989.

---

Richard N. Countiss and Charles W. McGarry, Law Offices of Windle Turley, P.C., Dallas, for petitioners.

Richard H. Kelsey, Richard H. Kelsey, P.C., Denton, for respondent.

PER CURIAM.

Robert and Wanda Eshleman filed suit against J. Michael Shield, Sr. (Shield), pursuant to the provisions of Tex.Bus. & Com. Code Ann. § 17.46 (Vernon 1987), the Deceptive Trade Practices—Consumer Protection Act (DTPA). Shield filed a motion for summary judgment contending that the statute of limitations had expired. The trial court granted summary judgment on the limitations issue. In an unpublished opin-

ion, the court of appeals affirmed the judgment of the trial court holding that Shield was entitled to judgment as a matter of law. We disagree.

In November, 1984, the Eshlemans were introduced to David Boston, a custom home builder. The Eshlemans entered into a contract with Boston to build a new home. The Eshlemans now claim that Boston induced their purchase of the new home from him by misrepresenting that he would purchase their then-existing home (the Lewisville house) if they were unable to sell it by January 15, 1985. The Lewisville house was not purchased by the specified date nor did Boston purchase the home in accordance with the contract's special provisions. On September 26, 1986, the Eshlemans sued Boston under the DTPA.

At Boston's oral deposition on November 21, 1986, he produced a photocopy of the written contract which did not contain the agreement to purchase the Lewisville house. On January 22, 1987, Boston's listing agent, Shield, was deposed. At Shield's deposition, he admitted that he typed the agreement to purchase the Lewisville house onto the contract, but he had forgotten whether he added the provision before or after David Boston signed the contract.

An amended petition was filed on March 23, 1987, adding Shield as an additional defendant and seeking recovery for damages caused by Shield's allegedly deceptive acts. On April 9, 1987, Shield filed a motion for summary judgment on the affirmative defense of limitations. Shield's motion was granted. The court of appeals affirmed, holding that the act giving rise to the Eshlemans' claim against Shield was the failure to perform the purchase agreement. Since the suit against Shield was not filed until March 23, 1987, more than two years after the purchase agreement should have been performed, the court of appeals determined that summary judgment was proper. We disagree.

The Eshlemans claims against Shield are for misrepresentation and fraudulent alteration of the home purchase contract. The applicable two year statute of limitations provides:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987). Thus, Shield's burden on summary judgment is to prove, as a matter of law, that the Eshlemans either discovered, or in the exercise of reasonable diligence should have discovered, the falsity of Shield's representations more than two years before suit was filed.

The summary judgment proof does not establish when the Eshlemans discovered or in the exercise of reasonable diligence should have discovered the alleged deceptive acts of Shield. The resolution of this fact issue is material to whether the Eshlemans' suit against Shield is barred by the applicable limitations statute. Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987). Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); Tex.R.Civ.P. 166a.

We hold that summary judgment was improper in this case because a genuine issue of material fact exists concerning when the Eshlemans discovered or in the exercise of reasonable diligence should have discovered the alleged deceptive act of Shield. Therefore, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to the trial court. Tex. R.App.P. 133(b).