**Carl BURNS, Petitioner,**

v.

**Larriet THOMAS, Respondent.**

**No. C–7969.**

Supreme Court of Texas.

March 28, 1990.

Frank Gilstrap, Arlington, for petitioner.

Cecil Kuhne, Lubbock, for respondent.

OPINION

SPEARS, Justice.

This is a legal malpractice action. When Carl Burns was sued by the Arkansas Casket Company, he hired Richard Wardroup to represent him as his attorney. Although Burns received a favorable jury verdict, the trial court rendered judgment non obstante veredicto in favor of the Arkansas Casket Company. The judgment was not appealed. Burns then sued Wardroup, alleging that Wardroup was negligent in failing to oppose Arkansas Casket's j.n.o.v. motion and in failing to appeal. Burns later amended his pleadings to add Wardroup's former law partner, Larriet Thomas, as a defendant. Thomas moved for summary judgment on the ground that Burns' action was barred by the two-year statute of limitations. After severing out the claim against Wardroup, the trial court granted summary judgment in favor of Thomas; the court of appeals affirmed. We reverse

the judgment of the court of appeals and remand the cause to the trial court.

Burns filed suit on February 21, 1985 and added Thomas as a defendant on January 23, 1986. In concluding that Burns' suit against Thomas was barred by the two-year statute of limitations, the court of appeals stated that Burns knew of the facts giving rise to his cause of action on or before October 26, 1983. However, the summary judgment proof does not support the court's use of this date, and Burns contends he did not learn of Wardroup's failure to perfect an appeal until May of 1984.

Although it is not clear, the court of appeals apparently inferred the October 26, 1983 date from the following two facts: (1) Burns stated by deposition that he did not know about Wardroup's failure to perfect the appeal until he "got the judgment and had to do the interrogatories on the judgment"; and (2) the post-judgment interrogatories were filed with the trial court on October 26, 1983. However, the interrogatories show that they were mailed not to Burns but to Wardroup, and there is no proof as to when Wardroup forwarded the interrogatories to Burns. Burns stated that Wardroup did not return his phone calls during this time period.

■ In *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988), we held that the discovery rule applies to legal malpractice causes of action.[1] Under this rule, the statute of limitations does not begin to run until the claimant discovers or, in the exercise of reasonable diligence, should have discovered the facts establishing a cause of action. *Id.* at 646. A defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Woods v. Mercer*, 769 S.W.2d 515, 518 n. 2 (Tex.1988)[2]; *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977). Thus, in this summary judgment setting, Thomas is the party who bears the burden of negating the discovery rule as a matter of law.

■ Thomas' summary judgment proof does not establish when Burns first discovered or, in the exercise of reasonable diligence, should have discovered that Wardroup failed to appeal the Arkansas Casket judgment. Therefore, Thomas did not establish her right to summary judgment based on limitations.

■ Moreover, Burns also asserted a cause of action under the Deceptive Trade Practices—Consumer Protection Act (DTPA). The legislature essentially wrote the discovery rule into the DTPA by providing as follows:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading or deceptive act or practice.

Tex.Bus. & Com.Code § 17.565. In construing this statute, we recently recognized that, on summary judgment, it is the defendant who bears the burden of establishing as a matter of law that the plaintiff either discovered or should have discovered the acts giving rise to the cause of action.

---

1. Thomas argues that the discovery rule should not apply in this particular case because the judgment was rendered prior to this court's decision in *Willis*. However, the general rule is that a decision of this court is retrospective in operation. *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983). Moreover, even prior to *Willis*, this court applied the discovery rule in various other contexts. *See, e.g., Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977) (discovery rule applicable in medical malpractice cases); *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976) (discovery rule applicable in case alleging libel of credit reputation); *Quinn v. Press*, 140 S.W.2d 438 (Tex.1940) (discovery rule applicable in case alleging fraud).

2. To the extent *Smith v. Knight*, 608 S.W.2d 165 (Tex.1980) and *Stewart v. City of Austin*, 744 S.W.2d 682 (Tex.App.—Austin 1988, writ ref'd) placed the summary judgment burden on the party relying on the discovery rule, they were effectively overruled by this court's decision in *Woods v. Mercer*.

*Eshleman v. Shield,* 764 S.W.2d 776, 777 (Tex.1989). Therefore, because Thomas failed to establish when Burns knew or should have known of the alleged deceptive acts, she was not entitled to summary judgment on the DTPA claim either.

The summary judgment proof does not establish when Burns discovered or should have discovered the facts giving rise to his causes of action. The resolution of this fact question is material to whether Burns' suit against Thomas is barred by limitations. Summary judgment is appropriate only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Thomas failed to meet this burden and she was therefore not entitled to summary judgment. We reverse the judgment of the court of appeals and remand this cause to the trial court.