**DARR EQUIPMENT CO., Appellant,**

v.

**Granville Dean ALLEN, Appellee.**

**No. 07–91–0039–CV.**

Court of Appeals of Texas, Amarillo.

Jan. 31, 1992.

Rehearing Overruled Feb. 24, 1992.

Carr, Fouts, Hunt, Craig, Terill & Wolfe, Donald M. Hunt, Lubbock, for appellant.

Law Offices of Beck & Walton, Ed Walton, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

The initial question in this appeal is whether the two-year statute of limitations bars causes of action filed on 10 April 1987 to recover damages for (1) negligent engine repairs made in April of 1984 and causing damage noticed on 5 April 1985, and for (2) breach of an implied warranty of service discovered on 5 April 1985. Answering in the affirmative, we will reverse and render.

The facts are not in dispute. In April 1984, Darr Equipment Co., which repairs diesel engines made by Caterpillar, Inc., performed an in-frame engine overhaul on the Caterpillar diesel engine in John Lahon's 1981 Freightliner truck. The overhaul included the replacement of the connecting rod and wrist pin bushings. The bushings were inserted in the connecting rod by a method used by Darr that was different from the method recommended by Caterpillar.

Lahon sold the truck to Don Drum Equipment Co., which sold it to Granville Dean Allen on 18 May 1984. In November 1984, West Texas Equipment Co. replaced a failed water pump seal on the truck, for which Caterpillar paid since the failed seal was under its warranty.

In December 1984, water began to appear in the oil of the truck. Allen took the truck to West Texas, where they discovered that the cylinder head had cracked when the water pump seal failed. West Texas performed an in-frame engine overhaul and replaced the cylinder head, pistons and bearings, but did not replace the wrist pin bushings because an inspection showed no need to replace them. Allen paid approximately $6,000 for the repairs.

On 4 April 1985, the operator of the truck noticed a knocking sound, and the next day the truck was towed to West Texas to determine the cause of the sound. On that day, 5 April 1985, Allen examined the partially disassembled engine and admittedly saw that the wrist pin bushings had turned or rotated, had moved out of alignment, and had become discolored from heat, causing the internal parts of the engine to wear against each other. Allen refused to pay for the repairs, claiming they were necessitated by the negligent work previously performed by West Texas. Later, on 20 April 1985, Allen was informed by Darr that the wrist pin bushings were not installed in the manner prescribed by Caterpillar.

On 26 July 1985, West Texas filed a suit on a sworn account against Allen for the cost of the April repairs. Allen filed a general denial and, subsequently, a counterclaim against West Texas for negligent repairs. Afterwards, on 10 April 1987, Allen joined Caterpillar as a third party defendant in the suit, alleging violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA). Tex.Bus. & Com. Code Ann. § 17.41 et seq. (Vernon 1987; Vernon Supp.1992). On that same date, he joined Darr as a third party defendant, alleging negligence in the installation of the wrist pin bushings, and breach of an implied warranty of service in violation of the DTPA.

Darr answered, denied liability, and interposed the bar of the two-year statute of limitations to Allen's claims. Caterpillar answered, denied liability, and filed a cross-action for indemnity against Darr. Later, West Texas also filed a cross-action for indemnity against Darr.

On the day of trial, Allen dismissed his claim against Caterpillar and confessed judgment to West Texas. The remaining parties were realigned, with Allen as plaintiff and Darr as defendant. The cause was

tried to a jury on the issues of negligence and breach of an implied warranty of service.

Finding the issues favorable to Allen, the jury awarded him $13,950 in actual damages, $27,000 in punitive damages, and $20,000 for attorney's fees. The court rendered judgment on the verdict, prompting Darr's appeal with five points of error, by the first two of which Darr contends Allen's claims are barred by the two-year statute of limitations.

The premise of Darr's affirmative defense is that limitations began to run on the negligence claim on the date the negligent act occurred, in April of 1984, and on the DTPA breach of implied warranty claim on the date Allen discovered his injury, 5 April 1985, both of which were more than two years before Allen filed his action against Darr on 10 April 1987. Allen's initial position is that limitations did not commence until he discovered, or in the exercise of reasonable diligence should have discovered, the negligent act of, and the breach by, Darr on 20 April 1985, less than two years before he instituted his action against Darr. Alternatively, and assuming arguendo that Darr is correct in its limitations arguments, Allen proposes that he is entitled to recover under the common law implied warranty to which, he submits, the limitations period of four years is applicable.

▆ To escape the bar of limitations to his action for negligence, Allen was required to bring it "not later than two years after the day the cause of action accrues." Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). Generally, a cause of action accrues upon the commission of a negligent act which constitutes the invasion of a legally protected interest of another, even though the injured party lacks knowledge of it and most of his damages occur later. *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 98 (Tex.Civ. App.—Amarillo 1971, writ ref'd n.r.e.). However, if the act itself is not a legal injury, the cause of action accrues, and limitations begin to run, when the damages

are sustained. *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967).

▆ Within the record is evidence that the method Darr used to install the wrist pin bushings, which was different from the method recommended by Caterpillar and the negligent act alleged by Allen, had been used by Darr for 20 years without a single failure, and the inspection by West Texas in December 1984 revealed that the wrist pin bushings did not need to be replaced. Given this evidence, it cannot be said that Darr's installation in April of 1984 constituted a legal injury; therefore, Allen's cause of action for Darr's negligent installation found by the jury did not accrue and limitations did not commence until the damages were sustained.

Similarly, Allen must have commenced his breach of implied warranty action under the DTPA "within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987). This special statute of limitations denies Allen's alternative proposal of entitlement to recover for breach of the common law implied warranty; for, in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex.1987), the court, stating that consumers of repair services "do not have the protection of a statutory or common law implied warranty scheme," *id.* at 353, held "that an implied warranty to repair or modify existing tangible goods or property in a good and workmanlike manner is available to consumers suing under the DTPA." *Id.* at 354.

▆ It is conclusive from Allen's judicial admission that he discovered his damages and the injury causing them no later than 5 April 1985, a date more than two years before he filed his action against Darr. Then, by the literality of §§ 16.003 and 17.565, *supra*, the invoked two-year statutes of limitations barred his action for negligence, *Richker v. United Gas Corpo-*

*ration,* 436 S.W.2d 215, 219 (Tex.Civ. App.—Houston 1968, writ ref'd n.r.e.), and his action for breach of implied warranty under the DTPA. *Hanmore Development v. JBK Enterprises,* 776 S.W.2d 738, 740 (Tex.App.—Corpus Christi 1989, writ denied).

To the contrary, Allen contends for a different date on which the limitations period commenced. Referring to the expression in *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988), that under the discovery rule, limitations run from the date the plaintiff discovers or in the exercise of reasonable diligence should have discovered "the nature of the injury," he argues that limitations began to run when he, exercising reasonable diligence, discovered *"the acts or omissions of Darr Equipment Co."* on 20 April 1985, less than two years before he joined Darr in the underlying suit. In brief, he submits that to discover the nature of the injury he must have known that the wrist pin bushings were improperly installed and that Darr performed the improper installation. The argument is not persuasive.

Allen judicially admitted that when he examined the engine on 5 April 1985, he discovered the malfunction of the wrist pin bushings, the resulting injury to his engine, and his sustained damages. Thus, he knew the nature of the injury, *i.e.,* the harm done and the cause of it. His then lack of knowledge that, as he later alleged, Darr had improperly installed the wrist pin bushings is of no moment, for the running of limitations was not tolled until he discovered all of the elements of his cause of action. *Coody v. A.H. Robins Co., Inc.,* 696 S.W.2d 154, 156 (Tex.App.—San Antonio 1985, writ dism'd by agr.). Consequently, the two-year statute of limitations commenced the day after 5 April 1985, more than two years before Allen initiated his action against Darr, even though Allen did not then know what caused the wrist pin bushings to malfunction, *Richker v. United Gas Corporation,* 436 S.W.2d at 219, or the identity of Darr. *Otis v. Scientific Atlanta, Inc.,* 612 S.W.2d 665, 666–67 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Jordan v. Concho Theatres,* 160 S.W.2d

275, 277 (Tex.Civ.App.—El Paso 1941, no writ).

It follows that Darr's plea of the limitations bar should have been honored. Its first two points of error are sustained, pretermitting an address of its remaining points. Tex.R.App.P. 90(a).

Accordingly, the judgment of the trial court is reversed and judgment is here rendered that Allen take nothing by his action against Darr. Tex.R.App.P. 81(c).