Turzinski & Weaver, John M. Weaver, Dallas, for appellants.

Johnson & Sylvan P.C., Martha L. Strother, Dallas, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

This appeal from a take-nothing summary judgment requires us to determine whether the trial court correctly concluded that a Deceptive Trade Practices–Consumer Protection Act[1] (DTPA) cause of action, premised on the discovery of the deceptive act more than two years after the nature of the injury was known, was barred by the DTPA's two year statute of limitations. Deeming that the trial court correctly applied the statute of limitations, we will affirm.

Kevin Smith and wife, Cathleen Smith, contracted to buy a house from Jack W. Gray and wife, Phyllis Gray, with the closing scheduled for 9 January 1989. After that date, the Smiths discovered cracks and separations in the walls, floors, and foundation of the house. When they took possession of the

**Kevin SMITH and Cathleen Smith, Appellants,**

v.

**Jack W. GRAY and Phyllis Gray, Appellees.**

**No. 07–93–0354–CV.**

Court of Appeals of Texas, Amarillo.

Aug. 19, 1994.

Rehearing Denied Sept. 19, 1994.

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon 1987 & Supp.1994).

house on 6 February 1989, they made a claim for damages to, and afterwards were paid $39,478.82 for the damages by, their insurance Company, Government Employees Insurance Company (GEICO). Upon GEICO's payment, the date of which is not shown in the record, the Smiths agreed in writing that GEICO became subrogated to the Smiths' claims against the Grays for the amount of the payment.

GEICO hired an engineering company to investigate the Smiths' claim. The company informed GEICO not later than 8 May 1989 that foundation repairs had been performed on the house by Hargrave & Hargrave, Inc. in April of 1988. First believing that Hargrave's negligence had contributed to the damages to the house, GEICO was advised by Hargrave in a 23 May 1989 report that a leak in the sewer system had developed in 1988, that Jack W. Gray was aware of the leak, and that he did not have the leak repaired.

The action underlying this appeal was filed on 11 July 1991 in the names of the Smiths against the Grays. By their live trial pleadings, the Smiths, alleging the Grays knew of the defective condition of the house when they sold it, but failed to disclose that material fact, sought to hold the Grays liable for violations of, and to recover monetary damages provided by, the DTPA.[2] Specifically, the Smiths' allegations against the Grays were misrepresentations of the premises that, as quoted, the

> goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; [and]
>
> that goods or services are of a particular standard, quality, or grade, or that the goods are of a particular style or model, if they are of another.

See Tex.Bus. & Com.Code Ann. § 17.46(b)(5), (7) (Vernon Supp.1994). Furthermore, Smiths' allegations embraced the DTPA denouncement of

the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

Tex.Bus. & Com.Code Ann. § 17.46(b)(23) (Vernon Supp.1994). Upon these allegations, the Smiths sought recovery of the $39,478.82 paid by their insurance company and their deductible of $250 not paid by the insurance company, as well as treble, exemplary, and consequential damages, attorney's fees and interest.

The Grays interposed, and moved for summary judgment on, the two year statute of limitations for DTPA actions, which, in material part, provides that:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice....

Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987). In response, the Smiths answered that prior to late July or early August of 1989, neither knew or had reason to know or believe that the house had any leaks related to sewer problems and that the Grays knew of the leak problems.

Hearing, and granting, the Grays' motion for summary judgment directed to the Smiths' DTPA causes of action, the trial court decreed the DTPA causes of action "are barred by the statute of limitations." The Smiths appealed from that judgment, contending the court erred in granting the motions for summary judgment.[3]

In presenting their appeal, the Smiths do not question the propriety of the summary

---

2. The Smiths also sought to hold the Grays liable in damages for negligence and fraud, but the trial court summarily rendered a take-nothing judgment on these actions, determining that the negligence action was barred by limitation, and that the Smiths could not prove an essential element of their fraud action. The Smiths have

not appealed from these summary judgment determinations.

3. Subsequent to the rendition of summary judgment, GEICO settled its subrogation interest, was

judgment regarding their causes of action for misrepresentations by the Grays. Instead, they question the summary judgment respecting their cause of action founded on the failure of the Grays to disclose the leak in the sewer system they knew about at the time of the transaction.

In brief, the Smiths, relying upon *Burns v. Thomas*, 786 S.W.2d 266 (Tex.1990), and *Eshleman v. Shield*, 764 S.W.2d 776 (Tex. 1989), contend that under the express language of the DTPA discovery rule, their cause of action accrued when they discovered, or in the exercise of reasonable diligence should have discovered, the fact that the Grays' conduct, *i.e.*, the failure to disclose the leak, constituted a deceptive trade practice. The summary judgment proceeding imposed upon the Grays the burden to prove as a matter of law when they, the Smiths, discovered, or in the exercise of reasonable diligence should have discovered, the Grays' deceptive act. *Burns v. Thomas*, 786 S.W.2d at 267. Since there was summary judgment evidence that they, the Smiths, did not discover the Grays' deceptive act until late July or August of 1989, less than two years before the action was filed, the Grays failed to discharge their burden to show as a matter of law that the deceptive act was discovered or should have been discovered more than two years before the action was filed. Therefore, the Smiths conclude, that material fact remains unresolved, pretermitting summary judgment. *Eshleman v. Shield*, 764 S.W.2d at 777.

Indisputably, any failure by the Grays to disclose a sewer leak occurred at the time of the transaction, but the failure to then disclose it was not itself unlawful, because the failure to disclose did not of itself constitute a legal injury, *i.e.*, an injury giving rise to a cause of action. *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967). However, the failure to disclose the leak with the intent to induce the Smiths to enter into the transaction became unlawful and actionable under the DTPA's section 17.46(b)(23), *supra*, if it constituted a producing cause of actual damages. Tex.Bus. & Com.Code Ann. § 17.-50(a)(1) (Vernon 1987). The Smiths suffered actual damages not later than 6 February

1989 when they discovered the nature of their injury, *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990), thereby sustaining a legal injury giving rise to their cause of action. *Id.; Atkins v. Crosland*, 417 S.W.2d at 153; *Darr Equipment Co. v. Allen*, 824 S.W.2d 710, 712 (Tex.App.—Amarillo 1992, writ denied).

The discovery rule contained within the DTPA's statute of limitations, upon which the Smiths rely, expressly mandates them to exercise reasonable diligence to discover the false, misleading, or deceptive act or practice upon which the DTPA action is founded. *Accord Willis v. Maverick*, 760 S.W.2d 642, 645–46 n. 2 (Tex.1988). The rule only operates to toll the running of the period of limitations until the time the Smiths discovered, or through the exercise of diligence should have discovered, the nature of their injury, *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d at 351, not, as they contend, when they allegedly discovered the Grays were the wrongdoers. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 344 n. 3 (Tex.1992).

The summary judgment proof established as a matter of law that the Smiths discovered the nature of their injury not later than 6 February 1989, when the cracks and separations appeared in the walls, floors, and foundation of the house, albeit they did not know the leak in the sewer system caused the damages, *Richker v. United Gas Corporation*, 436 S.W.2d 215, 219 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), or that the Grays knew about the leaks. *Darr Equipment Co. v. Allen*, 824 S.W.2d at 713. At that time, the Smiths knew they had suffered a legal injury and, under the *Moreno* holding, the two year period for filing their action commenced.

Nevertheless, as previously noted, the Smiths' rely on *Burns v. Thomas* and *Eshleman v. Shield* to support their contention that the period of limitations did not commence until they discovered in late July or early August of 1989 that the Grays had been aware of the sewer leak at the time of sale. In formulating the DTPA issue of discovery, they submit that the period limitations only began when they, in the language of *Burns*, "either discovered or should have discovered

dismissed from the cause with prejudice, and is

not a party to this appeal.

the acts giving rise to the cause of action," 786 S.W.2d at 267, or when they, under the wording of *Eshleman,* "either discovered, or in the exercise of reasonable diligence should have discovered, the falsity of [the Grays'] representations." 764 S.W.2d at 777. Accordingly, they argue that limitations did not commence until they discovered the act of the Grays upon which their action is based in late July or early August of 1989, less than two years before their action was filed. We do not agree.

A careful perusal of the opinions in *Burns* and *Eshleman* reveals that the statements were made with reference to when the plaintiffs in those causes discovered the nature of the injury. The take-nothing summary judgment rendered on limitations in *Burns,* a legal malpractice action predicated on the failure of an attorney to perfect an appeal, was reversed because the defendant failed to establish when the plaintiff discovered the failure to perfect the appeal; that is, as the court stated, "when the plaintiff discovered or should have discovered the nature of the injury." 786 S.W.2d at 267. Similarly, the take-nothing summary judgment rendered on limitations in *Eshleman,* an action against a listing agent for misrepresentation and fraudulent alteration of a home purchase contract, was reversed when the defendant failed to establish when the plaintiffs discovered, or in the exercise of reasonable diligence should have discovered, the agent's deceptive acts, *i.e.,* the alteration of the contract, which was the nature of plaintiffs' injury. 764 S.W.2d at 777.

Contrastingly, in this cause, the Smiths discovered the nature of their injury not later than 6 February 1989, more than two years before they filed their action on 11 July 1991. Thus, as the trial court correctly concluded, their action was subject to the pleaded bar of the DTPA's two year statute of limitations. The Smiths' point of error is overruled.

The judgment is affirmed.

POFF, J., concurs in result.