TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND









NO. 03-96-00715-CV







Hellen Reasoner Hutchison, Milburn E. Nutt, and Susan McRae, Appellants



v.



Union Pacific Resources Company, Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 94V-187B, HONORABLE DAN R. BECK, JUDGE PRESIDING








 Hellen Reasoner Hutchison, Milburn E. Nutt, and Susan McRae (1) appeal from a
summary judgment rendered in favor of defendant Union Pacific Resources Company ("UPRC"). 
We will affirm the judgment.

 Hutchison possessed under the relevant title instruments a right to a three-percent
overriding royalty on production from an oil and gas lease (the "Morgan Lease"), a right to be
notified if production therefrom ceased, and a right to elect to have the working interest reassigned
to her in that event. Under the title instruments, Crown Operating Company ("Crown") possessed
a subordinate right to require the operator of the Morgan Lease to cease production from Veronica
1, the only producing well on the lease, if Crown wished to complete another well in the vicinity.

 Hutchison alleged a cause of action against UPRC for tortious interference with her
contract rights, averring that UPRC caused Crown to require a cessation of production from the
Veronica 1 Well without notice to Hutchison, and a consequent extinguishing of Hutchison's rights
by reason of the habendum clause of the Morgan Lease. Hutchison contends the trial court erred
in rendering a summary judgment that she take nothing by her cause of action for tortious
interference with contract.

 UPRC moved for summary judgment on its plea that Hutchison's cause of action
for tortious interference with contract was barred by the two-year statute of limitations. In
opposition to the plea of limitations and in response to the motion for summary judgment,
Hutchison interposed the "discovery rule." She contends on appeal that the summary judgment
is erroneous because UPRC did not, in the summary judgment documents, negate the discovery
rule. 

 If the discovery rule applied to the case made by the summary-judgment record,
UPRC bore the burden of negating the rule by establishing as a matter of law that no issue of
material fact existed concerning when Hutchison discovered or should have discovered, in the
exercise of due diligence, the alleged act of interference, namely UPRC's acting with Crown to
cause a cessation of production from the Veronica 1 Well without notice to Hutchison and her
resulting injury. See Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990). The summary-judgment record is silent as to such discovery and the issue reduces to whether the discovery rule
applies to the case.

 The discovery rule applies to cases wherein the nature of the injury incurred is
inherently undiscoverable and the evidence of injury is objectively verifiable. "An injury is
inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed
limitations period despite due diligence." S. V. v. R. V., 933 S.W.2d 1, 7 (Tex. 1996). The word
"injury" in this context means "legal injury," or a "wrongful act and resulting injury." Id. at 4
(emphasis added).

 The wrongful act alleged by Hutchison--the act of tortious interference with
contract--was allegedly accomplished by UPRC causing Crown to direct the operator to stop
production from the Veronica 1 Well in March 1992. Hutchison did not file her original petition
until July 21, 1994, more than two years after production stopped. It is not contended that
Hutchison had a part in the transaction between UPRC, Crown, and the operator, or that she
actually knew of it before July 21, 1992, a date two years before the date she filed her petition. 
It is contended instead that the very fact production ceased in March 1992 imposed upon
Hutchison a duty of inquiry by which, in due diligence, she would have discovered within two
years before suit the nature of the injury of which she now complains.

 We held previously that the discovery rule applied to Hutchison's tortious-inference
cause of action. We reasoned that we could not say as a matter of law, under the present record,
that Hutchison was put on inquiry by the cessation of production during the period between March
1992 and July 21, 1992, stating that

[t]he stopping of production was not inherently wrongful because production from
a well may be suspended for legitimate reasons. The cessation was wrongful only
if it amounted to the breach of a covenant duty owed to Hutchison, and the record
does not establish as a matter of law that this conclusion of law and fact was
apparent in the period March 1992-July 21, 1992.



In our previous judgment we therefore reversed the trial-court judgment as to Hutchison's tortious-interference claim while affirming the trial-court judgment as to her remaining causes of action. 

 On UPRC's petition for review, the supreme court vacated our judgment and
remanded the cause to us for reconsideration of the discovery-rule question in light of that court's
intervening decision in HECI v. Neel, 42 Tex. Sup. Ct. J. 98 (1999). In HECI, the supreme court
discussed application of the discovery rule in several lease-operation contexts, particularly the
"inherently undiscoverable" element of the rule.

 The royalty owner in HECI alleged a cause of action against the operator of her
lease based on his failure to notify her that she was entitled to sue an operator on a neighboring
lease for an injury he caused to the common reservoir under the two properties. The supreme
court stated that the royalty owner knew or should have known that the reservoir was a common 
reservoir, and where wells are completed into a common reservoir, on neighboring properties,
"there is the potential for . . . damage to the reservoir." Id. And because the operator on the
royalty owner's lease was a source of information about the existence of the common reservoir
and operations in it, as were the records of the Railroad Commission, "a cause of action for [the
operator's] failure to provide that same information is not inherently undiscoverable." Id. We
assume this means that the nature of the injury resulting from the operator's failure to supply the
information is not inherently undiscoverable. See S. V. v. R. V., 933 S.W.2d at 7.

 The injury claimed by Hutchison is the loss of her right to reacquire the working
interest, allegedly caused by UPRC's inducing Crown to cease production without notice to
Hutchison (which she was entitled to receive under the title instruments). We believe Hutchison's
case is indistinguishable from HECI. If the royalty owner in HECI knew or should have known
of wells on neighboring properties completed into the common reservoir, and the potential for
reservoir damage arising therefrom, a fortiori Hutchison knew or should have known that
production had ceased on the very lease from which her own royalty derived and the risk such
cessation posed to her reacquisition of the working interest. Consequently, any injury caused by
the operator's failure to notify her of the cessation cannot be viewed as inherently undiscoverable. 
We hold accordingly that the discovery rule does not apply to Hutchison's cause of action for
tortious interference.

 Having sustained the trial-court judgment on the ground indicated, we need not
consider Hutchison's remaining assignments of error relating to her tortious-interference claim.

 Hutchison also alleged causes of action for common-law fraud and conspiracy to
commit fraud. The trial court determined these causes of action against her on motion for
summary judgment. For the reasons given in our earlier opinion, we overrule her assignments
of error regarding these causes of action. 


 Finding no error, we affirm the trial-court judgment.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Affirmed on Remand

Filed: May 13, 1999

Do Not Publish





















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. For convenience, we will hereafter refer to the appellants collectively as "Hutchison."



. In HECI, the supreme court
discussed application of the discovery rule in several lease-operation contexts, particularly the
"inherently undiscoverable" element of the rule.

 The royalty owner in HECI alleged a cause of action against the operator of her
lease based on his failure to notify her that she was entitled to sue an operator on a neighboring
lease for an injury he caused to the common reservoir under the two properties. The supreme
court stated that the royalty owner knew or should have known that the reservoir was a common 
reservoir, and where wells are completed into a common reservoir, on neighboring properties,
"there is the potential for . . . damage to the reservoir." Id. And because the operator on the
royalty owner's lease was a source of information about the existence of the common reservoir
and operations in it, as were the records of the Railroad Commission, "a cause of action for [the
operator's] failure to provide that same information is not inherently undiscoverable." Id. We
assume this means that the nature of the injury resulting from the operator's failure to supply the
information is not inherently undiscoverable. See S. V. v. R. V., 933 S.W.2d at 7.

 The injury claimed by Hutchison is the loss of her right to reacquire the working
interest, allegedly caused by UPRC's inducing Crown to cease production without notice to
Hutchison (which she was entitled to receive under the title instruments). We believe Hutchison's
case is indistinguishable from HECI. If the royalty owner in HECI knew or should have known
of wells on neighboring properties completed into the common reservoir, and the potential for
reservoir damage arising therefrom, a fortiori Hutchison knew or should have known that
production had ceased on the very lease from which her own royalty derived and the risk such
cessation posed to her reacquisition of the working interest. Consequently, any injury caused by
the operator's failure to notify he