**IN THE**
**TENTH COURT OF APPEALS**
**No. 10-19-00083-CV**


**RONNY EUGENE SCOTT AND WIFE,**
**ELIZABETH HELEN SCOTT,**

                                                                        **Appellants**

 **v.**

**JOHN C. CARPENTER,**
**SUZANNE E. CARPENTER AND**
**JOSHUA ANDREW CARPENTER,**

                                                                        **Appellees**


————————————


**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. DC-C201600135**

---

**MEMORANDUM OPINION**

---

Ronny and Elizabeth Scott (the Scotts) sued John and Suzanne Carpenter and their

son, Joshua Carpenter (the Carpenters[1]) regarding the Carpenters' sale of a house to the

Scotts. The Scotts alleged ten causes of action and requested damages. The Carpenters

filed a traditional motion for summary judgment primarily asserting a limitations

defense to each of the Scotts' causes of action. The trial court granted summary

---

[1] This moniker refers to all, some, or just one of the appellees.

judgment.[2]  On appeal, the Scotts assert two issues:  the trial court erred in granting summary judgment and the trial court abused its discretion in refusing to hear the Scotts' motion for discovery sanctions.  Because the trial court erred in granting summary judgment on most of the Scotts' claims but did not abuse its discretion in refusing to hear the Scotts' motion for discovery sanctions, the trial court's judgment is reversed and remanded in part and affirmed in part.

**SUMMARY JUDGMENT**

In their first issue, the Scotts contend the trial court erred in granting the Carpenters' motion for summary judgment.

We review a trial court's decision to grant or deny a summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).  The movant must conclusively establish its right to judgment as a matter of law.  *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).  A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

A defendant moving for summary judgment must either:  (1) disprove at least one element of the plaintiff's cause of action; or (2) plead and conclusively establish each

---

[2] In their appellate brief, the Carpenters assert they filed a plea to the jurisdiction.  They did not.

Scott v. Carpenter                                                                                          Page 2

essential element of an affirmative defense to rebut the plaintiff's cause of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). A trial court can consider, and a defendant can rely on, evidence and pleadings by a plaintiff to determine whether the summary judgment burden has been met. *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 835 (Tex. 2018) ("Rule 166a(c) plainly provides for the court to consider evidence in the record that is attached either to the motion or a response. [citation omitted]. Schlumberger was allowed to rely on, and the trial court could consider, the evidence and pleadings Pasko filed.").

If the movant meets its burden, the burden then shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

### *Statute of Limitations*

The Carpenters' summary judgment motion primarily raised statute-of-limitations defenses to each of the Scotts' causes of action.

A statute of limitations is a procedural device operating as a defense to limit the remedy available from an existing cause of action. *Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.). Generally, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a

claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) (op. on reh'g) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). In other words, a claim accrues when an injury occurs, not afterward when the full extent of the injury is known. *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 542 (Tex. 2017).

Raising a limitations defense through a traditional motion for summary judgment requires more effort and allows more risk of procedural problems. *Brantner v. Robinson*, No. 10-17-00335-CV, 2019 Tex. App. LEXIS 7133, at *19 (Tex. App.—Waco Aug. 14, 2019, no pet.) (mem. op.) (C.J. Gray, concurring). A defendant moving for summary judgment on limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *Id.* If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue on any equitable defense that its suit should not be barred even though the limitations period has run—such as fraudulent concealment, estoppel, or diligent service. *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021); *KPMG Peat Marwick*, 988 S.W.2d at 748.

### Deceptive Trade Practices Act

Under this cause of action, the Scotts generally pled that the Carpenters engaged in certain false, misleading and deceptive acts, practices, and/or omissions. They also

generally alleged a violation of the Texas Debt Collection Act regarding the wrongful acceleration of a real estate note and specifically alleged, citing the Texas Finance Code, that a violation of the TDCA is a deceptive trade practice under the Deceptive Trade Practices Act.

In their motion for summary judgment, the Carpenters asserted these claims should be dismissed because the claims were based on facts occurring in 2010, and that the two-year statute of limitations had run prior to the Scotts' filing of their lawsuit. *See* TEX. BUS. & COM. CODE § 17.65. No evidence or affidavits were attached to the Carpenters' motion or presented at the hearing on the motion.

Although the Scotts did not specifically plead the discovery rule for these claims in their petition, the legislature essentially wrote the discovery rule into the DTPA by providing as follows:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred *or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered* the occurrence of the false, misleading or deceptive act or practice.

TEX. BUS. & COM. CODE § 17.565 (emphasis added); *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990). In construing this statute, the Texas Supreme Court has recognized that, on summary judgment, a defendant continues to bear the burden of establishing as a matter of law that the plaintiff either discovered or should have discovered the acts giving rise to the cause of action. *Burns*, 786 S.W.2d at 267; *Eshleman v. Shield*, 764 S.W.2d 776, 777 (Tex. 1989). Thus, the Carpenters were required to prove that the Scotts either discovered or should have discovered the acts that gave rise to their DTPA claims within the limitations period. And because a violation of the Texas Debt Collection Act is a

deceptive trade practice under Subchapter E, Chapter 17, of the Texas Business & Commerce Code and is actionable under that subchapter, *see* TEX. FIN. CODE § 392.404(a), the Carpenters were also required to prove that the Scotts either discovered or should have discovered the acts that gave rise to their TDCA claim within the limitations period. They did not.

Therefore, because the Carpenters failed to establish when the Scotts knew or should have known of the alleged deceptive acts, the trial court erred in granting summary judgment on the Scotts' DTPA and TDCA claims[3] on the Carpenters' limitations defense.

### *Common Law and Statutory Fraud*

In their second and third causes of action, the Scotts alleged common law and statutory fraud[4] in which the Carpenters allegedly made false representations about the condition of the home, specifically, the foundation, the plumbing, and the roof. The Scotts asserted the roof was represented to be only one year old and contended the foundation and plumbing were faulty and in need of significant repairs. The Scotts also alleged fraud by the Carpenters in placing a signature page from one deed of trust onto a different deed of trust and fraud by the Carpenters in having a second wraparound real estate lien note notarized.

The Carpenters alleged in their motion for summary judgment that fraud, either common law or statutory, has a four-year statute of limitations and the house was

---

[3] The Carpenters also asserted a reason for summary judgment on a different TDCA claim alleged later in the Scotts' petition.

[4] TEX. BUS. & COM. CODE § 27.01.

purchased in 2010. Thus, their argument continued, these claims were barred.

A person must bring suit on fraud not later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4). The Scotts' original petition was filed in 2016. The summary judgment evidence showed that the alleged misrepresentations about the house occurred in 2010. Thus, it would appear that these specific fraud claims are barred by the statute of limitations.

However, it has long been held that "fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence might have been discovered." *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57 (Tex. 2015) (quoting *Ruebeck v. Hunt*, 142 Tex. 167, 176 S.W.2d 738, 739 (Tex. 1943)). Because "fraud vitiates whatever it touches," *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983), limitations does not start to run until the fraud is discovered or the exercise of reasonable diligence would discover it. *Hooks*, 457 S.W.3d at 57 (Tex. 2015).

The Scotts alleged in their response to the motion for summary judgment that they discovered the true age of the roof in 2013 when they received an email from the Carpenters, which is attached to the Scotts' response, stating the roof of the house may be uninsurable because it was too old. The Scotts alleged in their affidavits, also attached to their response, that later that year, they learned the roof was 15-20 years old. This discovery is within the four-year limitations period, and the Carpenters did not dispute the Scotts' statements. Thus, as to the fraud claim regarding the age of the roof, the Scotts raised a genuine issue of material fact, and the trial court erred in granting summary judgment on this claim. As to the fraud claim regarding the problems with the foundation or the plumbing of the house, the Scotts did not allege or provide evidence of

when they discovered those alleged problems. However, because the discovery rule applies in fraud cases, the Carpenters were required to prove as a matter of law that there was no genuine issue of material fact about when the Scotts discovered or should have discovered the injury. *See KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). They did not. Thus, the Carpenters did not conclusively establish that the statute of limitations barred those fraud claims, and the trial court erred in granting summary judgment on those claims as well.

The Scotts also alleged fraud by the Carpenters when they allegedly switched signature pages of a Wraparound Real Estate Lien Note and had that signature page notarized for a second time. The summary judgment evidence showed, through a notarized statement by Zulema (San Miguel) Aguilar and her employer, Dan C. Ballmann, that in 2014, Aguilar notarized for a second time, on the request of an unnamed person and under allegedly false pretenses, a signature page of a "promissory note" purportedly signed by the Scotts without the Scotts being present to sign the document. This action took place within the four-year statute of limitations.

Accordingly, as to the fraud-in-notarizing claim, there is a genuine issue of material fact which precludes summary judgment on this particular fraud claim. The trial court erred in granting summary judgment on this claim. As to the fraud in switching the signature page, once again, the Scotts did not allege or provide evidence of when they discovered the alleged injury. However, because the discovery rule applies in fraud cases, the Carpenters were required to prove as a matter of law that there was no genuine issue of material fact about when the Scotts discovered or should have discovered the injury. *See KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d

746, 748 (Tex. 1999). They did not. Thus, the Carpenters did not conclusively establish that the statute of limitations barred those fraud claims, and the trial court erred in granting summary judgment on this particular claim.

### Negligent Misrepresentation

The Scotts alleged negligent misrepresentation by the Carpenters when they supplied false information in the course of the Carpenters' business, employment, or profession, or in the course of a transaction in which the Carpenters had a pecuniary interest, and such information was provided by the Carpenters for the Scotts' guidance in the transaction.

The Carpenters asserted in their motion for summary judgment that this claim is barred by the four-year statute of limitations and referred back to paragraph 2 of their motion in which they asserted the alleged misrepresentations occurred in 2010. However, a *two-year* statute of limitations applies to negligent misrepresentation claims. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011).

In their response to the motion for summary judgment, the Scotts presented affidavits by Elizabeth and Ronny Scott and a letter dated November 16, 2015, to show an agreement which stipulated, in part, that the Scotts were current on their mortgage payments and that no payment was due from them until January 15, 2016. The Scotts further asserted that this representation was made with an intent to deceive them because the Carpenters purportedly foreclosed upon the property at a non-judicial foreclosure on January 5, 2016.

This representation, if negligent, occurred within two years of the filing of the lawsuit. Accordingly, the Carpenters did not conclusively establish their limitations

defense, and the trial court erred in granting summary judgment as to this specific representation.

The Scotts alleged another misrepresentation and provided summary judgment evidence of an e-mail dated August 5, 2013, in which the Carpenters advised the Scotts that they did not need to pay any other payments other than the $800.00 monthly payment until a final court hearing. Relying upon that representation, the Scotts asserted they made monthly $800.00 payments from and after August 5, 2013. The Scotts further alleged and produced evidence that, by a letter dated August 8, 2014, the Carpenters demanded payment-in-full of the entire balance due on the note and provided notice of a foreclosure sale on September 2, 2014.

This alleged misrepresentation, occurring in 2013, however, is outside the two-year limitations period for this cause of action. Accordingly, the Scotts did not raise a genuine issue of material fact to avoid limitations, and the trial court did not err in granting summary judgment as to this specific misrepresentation.

### Fraudulent Inducement

In the alternative, the Scotts alleged a claim of fraudulent inducement against the Carpenters in that the Carpenters asserted that the house was in good condition with no known faults and that the roof was only one year old when the Carpenters knew the foundation and plumbing were faulty and in need of significant repairs and the roof was actually 15-20 years old, if not older. The Scotts further alleged that, had the Carpenters disclosed the correct age of the roof, the Scotts would have sought a reduction in the selling price of the home, if not foregoing the purchase of the home.

In their motion for summary judgment, the Carpenters asserted that this cause of

action was the same as the Scotts' fraud claims, was based on a claim of misrepresentation as to the condition of the property, and was barred by the four-year statute of limitations.

To establish fraudulent inducement, "the elements of fraud must be established as they relate to an agreement between the parties." *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 61 (Tex. 2015) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)). As noted earlier, because "fraud vitiates whatever it touches," *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983), limitations does not start to run until the fraud is discovered or the exercise of reasonable diligence would discover it. *Hooks*, 457 S.W.3d at 57 (Tex. 2015). The same rule applies to claims of fraudulent inducement. *Id*. Accordingly, the same principle applies; that is, limitations does not start to run until the fraud is discovered or the exercise of reasonable diligence would discover it. *Id*.

As stated by their petition, the Scotts claimed *only* that the misrepresentation regarding the roof fraudulently induced them to buy the house. As noted previously, they alleged in their response to the motion for summary judgment that they discovered the true age of the roof in 2013 when they received an email from the Carpenters, which was attached to the Scotts' response, stating the roof of the house may be uninsurable because it was too old. The Scotts alleged in their affidavits, also attached to the response, that later in 2013, they learned the roof was 15-20 years old. This discovery is within the four-year limitations period, and the Carpenters did not dispute these statements. Thus, the Carpenters did not conclusively establish that the statute of limitations bars this cause of action, and the trial court erred in granting summary judgment on the fraudulent inducement claim regarding the roof.

*Trespass*

In their trespass cause of action, the Scotts alleged that in July and September, of a year not alleged, John C. Carpenter, voluntarily and intentionally, physically entered the Scotts' home. The Scotts alleged they suffered an injury to their right of possession of the real property. In their motion for summary judgment, the Carpenters asserted that no damages were claimed and the cause of action was barred by the two-year statute of limitation. *See* TEX. CIV. PRAC. & REM. CODE § 16.003.

The Scotts specifically alleged in the factual recitation of their original petition that they were informed by a neighbor that on August 21, 2014, while the Scotts were not home, John C. Carpenter entered the Scotts' residence. In an affidavit attached to the response to the motion for summary judgment, Elizabeth Scott swore to that same factual recitation.

Again, we note that the Scotts' petition was filed on March 15, 2016. Thus, the petition was filed within two years of the August 21, 2014, act of trespass. Accordingly, the Carpenters did not conclusively establish that the statute of limitations bars the Scotts' action for trespass. Further, because the Scotts' alleged they suffered an injury to their right of possession and the Carpenters presented nothing to controvert that allegation, the Carpenters could not meet their burden and show that no genuine issue of material fact existed as to damages for the trespass cause of action.

Accordingly, the trial court erred in granting summary judgment on the Scotts' trespass cause of action.

*Declaratory Relief*

In this cause of action, the Scotts requested a declaration by the trial court of the

Scotts' rights and interests in a Promissory Note, Wraparound Real Estate Lien Note, and Wraparound Deed of Trust because there were, the Scotts alleged, discrepancies and contradictions between and in those documents. In their motion for summary judgment, the Carpenters contended that the deed of trust "and other documents" occurred on May 5, 2010, and since the statute of limitations for breach of contract is four years, declaratory relief is unavailable to resurrect that claim. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(1).

However, the Scotts presented summary judgment evidence that the Wraparound Deed of Trust at issue was filed on May 10, 2013, and a Wraparound Real Estate Lien note at issue was filed on March 31, 2014. The filing of the Scotts' original petition occurred within four years of the filing of these documents in the real estate records of Johnson County. Thus, the Carpenters did not meet their burden and conclusively establish that the statute of limitations bars the Scotts' action. And although the promissory note was executed outside the statute of limitations, the Carpenters did not conclusively establish that the Scotts were requesting specific performance of the promissory note in this cause of action such that the four-year statute of limitations would apply. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(1) ("A person must bring suit on the following actions not later than four years after the day the cause of action accrues: (1) specific performance of a contract for the conveyance of real property….").

Accordingly, the trial court erred in granting summary judgment as to the Scotts' claim for declaratory relief.

### Quiet Title

The Scotts also alleged in their original petition a claim to quiet title, asserting that they had an interest in "the subject real property," their title was affected by a claim by

the Carpenters, and the Carpenters' claim to the property was invalid or unenforceable. The Scotts further contended they were not in default of their loan and, as such, had an interest in the property that was superior to the Carpenters' interest.

In their motion for summary judgment, the Carpenters asserted that the Scotts' claims to quiet title were barred by the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.035. In response, the Scotts claimed that they alleged actions in their petition of a foreclosure by the Carpenters on January 5, 2016. Attached to their response were the affidavits of both Elizabeth and Ronny Scott, in which they maintained that the Carpenters purportedly placed the real property for sale at a Substitute Trustee's Sale on January 5, 2016, and referenced Exhibit S of the response as proof of the sale. Exhibit S is a copy of a notarized Substitute Trustee's Deed, dated February 2, 2016, which indicated the property in question in this appeal was sold on January 5, 2016, on the steps of the Johnson County Courthouse. Ronny Scott asserted in his affidavit that he was present at the sale and that he did not observe or hear the Carpenters perform any Substitute Trustee's Sale. The Scotts filed their suit over two months later; a date which is within the four-year statute of limitations.

Accordingly, the Carpenters did not conclusively establish that the statute of limitations bars the Scotts' claim to quiet title, and the trial court erred in granting summary judgment as to that cause of action.

### Debt Collection Act Violation

The Scotts alleged in this cause of action that, pursuant to section 51.002 of the Texas Property Code, the Carpenters were required to provide a written notice of default under the Deed of Trust and afford the Scotts 20 days to cure the default before issuing a

notice of sale and to provide written notice, sent to the Scotts by certified mail, notifying the Scotts of the foreclosure sale. *See* TEX. PROP. CODE § 51.002(b), (d). The Scotts alleged that because the Carpenters failed to follow these procedures, the Carpenters committed a violation of Texas law, which violated the Texas Debt Collection Act. *See* TEX. FIN. CODE § 392.301(a)(8) ("In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: threatening to take an action prohibited by law.").

The Carpenters asserted in their motion for summary judgment that 1) Texas Finance Code section 392.301(a)(8) only applies to third party collections and is inapplicable to this case, and 2) the offending letter claiming the Scotts were in default was sent on May 1, 2013; thus, the Scott's TDCA cause of action was barred by the two-year statute of limitations. *See* TEX. BUS. & COM. CODE § 17.565.

The Carpenters provided no summary judgment evidence and no authority for their proposition that section 392.301(a)(8) only applies to third party collections. Thus, they have not disproved at least one element of the Scotts' cause of action to be entitled to summary judgment.

Further, the Scotts contended in their response that they were not asserting the letter of May 1, 2013, as the operative date to begin the running of the statute of limitations. Rather, they asserted two separate instances violated the TDCA and were within the two-year statute of limitations. The first was the alleged January 5, 2016, foreclosure sale without notice when only two months prior to the sale, the parties entered into an agreement which stipulated that the Scotts were current on their mortgage payments. The Scotts provided summary judgment evidence to support these

Scott v. Carpenter                                                                                                          Page 15

assertions. The second was a November 4, 2014, notice of an intended foreclosure on December 2, 2014, in which an incorrect amount to be due and owing was set forth in the letter. The Scotts also provided summary judgment evidence to support this assertion.

Both of these incidents occurred within the two-year statute of limitations. Accordingly, the Carpenters did not conclusively establish that the statute of limitations bars the Scotts' TDCA cause of action; and the trial court erred in granting summary judgment as to this claim.

### Breach of Contract

In their final cause of action, the Scotts pled a breach of the Deed of Trust and the letter agreement that they were current on their payments when the Carpenters purportedly sold the real property at a non-judicial foreclosure sale and the Scotts were allegedly current on their loan payments. The Carpenters asserted in their motion for summary judgment that because the Deed of Trust was executed in 2010, the statute of limitations, which is four years, had long expired. The Scotts asserted in their response with supporting evidence that although the Deed of Trust was executed in 2010, the letter agreement was signed in November of 2015, the alleged breach occurred in January of 2016 when the Carpenters purportedly sold the property at a foreclosure sale, the suit was filed in March of 2016, and as such, a breach occurred within the applicable statute of limitations.

The Carpenters provided no summary judgment evidence or authority for their proposition that a breach of a Deed of Trust must be brought within four years of its execution. Accordingly, the Carpenters did not conclusively establish that the statute of limitations bars the Scotts' breach of contract claim, and the trial court erred in granting

summary judgment as to that cause of action.

### *Other Allegations Challenged*

The Carpenters challenged by summary judgment every other allegation made by the Scotts in their petition, specifically: conditions precedent, conspiracy, agency, damages for mental anguish, economic and actual damages, exemplary damages, recision, and attorney's fees. Because of our determination of the Carpenter's summary judgment as to each of the Scotts' causes of action, we need not discuss whether the Scotts were entitled to or proved each other allegation not an element of a cause of action.

### *Conclusion*

Accordingly, because the trial court erring granting summary judgment on the following causes of action or claims within the cause of action, to-wit: Deceptive Trade Practices Act/Debt Collection Act, common law and statutory fraud, negligent misrepresentation (as to an agreement dated November 16, 2015, which stipulated, in part, that the Scotts were current on their mortgage payments and that no payment was due from them until January 15, 2016), fraudulent inducement, trespass, declaratory relief, quiet title, Texas Debt Collection Act violation, and breach of contract; but did not err in granting summary judgment on the claim of negligent misrepresentation regarding an email dated August 5, 2013, asserting no need to make loan payments other than $800.00 per month, the Scotts first issue is sustained in part and overruled in part.

### MOTION SETTING

In their second issue, the Scotts contend the trial court abused its discretion in refusing to consider their motion for discovery sanctions which they filed after the trial court abated the Scott's discovery requests. The Scotts point to the hearing on the

Carpenter's motion for summary judgment and emails between the court coordinator which were attached to the Scotts' motion for new trial to support their assertion that the trial court refused to hear their motion. However, the record reveals that when the Scotts' counsel raised the issue of hearing the sanctions motion, the trial court informed counsel that no request for a hearing was in the court's file, that any communications between counsel and the court coordinator were not in the court's file, and the court had no notice that anything other than the motion for summary judgment was scheduled for a hearing on that date.

Generally, a trial court cannot be found to have abused its discretion until the complainant establishes that the court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that the Scotts complain of the trial court's failure to hear their motion on the same date as the motion for summary judgment, application of the foregoing rule would necessarily require them to illustrate that the trial court was aware of the hearing setting. We know of no rule which imputes the court coordinator's knowledge to the trial court, and the Scotts have provided us with no authority to the contrary. Thus, it would be incumbent upon the Scotts to illustrate that the court coordinator informed the trial court that the motion had been set for a hearing on the same date as the motion for rehearing.[5] And, because the state of the record prevents us from holding that the trial court was aware of the setting, we cannot say that the court abused its discretion in allegedly refusing to act on the motion.

---

[5] Attached to their motion for new trial was a trial setting for October 24, 2018. However, the date on which the Scotts complain the trial court refused to hear their motion was November 20, 2018.

The Scott's second issue is overruled.

## CONCLUSION

Having sustained the Scotts' first issue in part, and overruled it in part and overruled the Scotts' second issue, the trial court's judgment is reversed and remanded in part for proceedings consistent with this opinion and affirmed in part.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Reversed and remanded in part; affirmed in part
Opinion delivered and filed February 2, 2022
[CV06]

