**Opinion issued February 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00243-CV

_____

## PAULA MILLER, Appellant

## V.

## JAMES PRINCE A/K/A JAMES SMITH, Appellee

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-65843**

---

## MEMORANDUM OPINION

In November 2011, Paula Miller sued James Prince for divorce based on allegations of an informal marriage. Prince moved for summary judgment contending that the applicable statute of limitations barred Miller's assertion of an

informal marriage as a matter of law. The trial court granted Prince's motion and made specific findings that (1) the statute of limitations bars Miller's petition for divorce; (2) Prince met his burden to conclusively prove the limitations bar; and (3) no marriage exists between Miller and Prince.

Miller appeals, contending that genuine issues of material fact exist on the issue of whether the statute of limitations barred her claim to common-law marriage. TEX. FAM. CODE ANN. § 2.401(b) (West 2006). We affirm.

### Background

Miller met Prince in July 1990 and alleges that she and Prince entered into an informal marriage two weeks after she met him. By April 1993, the two had separated, and Miller had become pregnant by another man. She moved to California during the summer of 1993, where she gave birth to her daughter in January 1994. She, her daughter, and her son, who was born before she met Prince, lived in California until August 1994.

Miller returned to Houston with her children in August 1994. She and Prince, however, did not move in together. In an April 1995 affidavit filed in a Texas court proceeding involving her daughter, Miller testified that

> [f]or the past five years immediately [preceding] the date of this affidavit, the child has lived at the following addresses with the following persons:
>
> From: January 1994                        Until: August 1994
> [California address]
> Persons lived with:  Mother—Paula Miller
>                         Brother— xxxx xxxx
> From:  August, 1994                     Until: Present
> [Houston address]
> Persons lived with:  Mother—Paula Miller
>                         Brother—xxxx xxxx
>                         Cousin—Celine Pratts and her daughters . . . .

Prince is not mentioned in the affidavit.

Prince ceremonially married another woman, Mary Page, on October 29, 1994.

In her petition for divorce, Miller alleged that she and Prince resumed their marital relationship when she returned to Houston in August 1994 and cohabitated "as husband and wife" at a Pearland address from December 1994 until February 2011.

## Discussion

### I.   *Summary Judgment Standard of Review*

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference, and we resolve any doubts in the nonmovant's favor. *Nixon*

*v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985). A defendant moving for traditional summary judgment must negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

It is an affirmative defense to assert that a claim is barred by the statute of limitations. TEX. R. CIV. P. 94. Accordingly, the party moving for summary judgment based on the statute of limitations carries the burden of establishing as a matter of law that the limitations period has expired on the claim. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990). This includes establishing when the cause of action accrued. *Id.*

## II. *Informal Marriage*

Texas is one of a handful of states that continue to recognize informal marital relationships. A valid informal, or common-law, marriage consists of three elements: (1) an agreement of the parties to be married; (2) after the agreement, their living together in Texas as husband and wife; and (3) their representing to others in Texas that they are married. TEX. FAM. CODE ANN. § 2.401(a)(2) (West 2006); *Nguyen v. Nguyen*, 355 S.W.3d 82, 88 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

4

### A. Statute of limitations

Until 1995, parties could seek judicial recognition of an informal marriage by proving these elements until up to a year after the date the relationship ended. *See* Act of June 14, 1989, 71st Leg., R.S., ch. 369, § 9 (former TEX. FAM. CODE ANN. § 1.91(b)).

The legislature amended this provision, effective for causes of action not time-barred under the former provision, to abolish the statute of limitations and instead provide for a rebuttable presumption that the parties did not enter into an agreement to be married if a proceeding to prove the informal marriage was not commenced before the second anniversary of the date on which the parties separated and ceased living together. Act of May 24, 1995, 74th Leg., R.S., ch. 891, S2, 1995 Tex. Gen. Laws 4404, 4404 (current version at TEX. FAM. CODE ANN. § 2.401(b) (West 2006)).

### B. Analysis

Prince relied on Miller's 1995 affidavit as undisputed evidence showing that Miller and Prince ceased living together in Texas beginning in April 1993. Prince contended, therefore, that Miller was required to prove the alleged informal marriage no later than May 1, 1994, because the absolute one-year statute of limitations under the predecessor statute governing informal marriages before September 1, 1995 applies to her claim.

Miller attempted to raise a fact issue by controverting her April 1995 affidavit, in which she attested to living apart from Prince, by introducing an affidavit with different averments in response to Prince's summary judgment motion. That attempt is unavailing. A statement in an affidavit fails to raise a genuine issue of material fact if (1) the statement clearly contradicts the affiant's earlier sworn statement on a material point, (2) the affidavit is executed after the sworn statement was given, and (3) the affidavit fails to explain the reason for the change. *Tejada v. Gernale*, 363 S.W.3d 699, 707 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Miller's affidavit contradicts her earlier sworn statement that only she, her son, and her daughter lived at the California address, and she provides no explanation for the discrepancy. Moreover, Miller cannot meet the requirements of section 2.401(a)(2) of the Family Code because she did not live with Prince in Texas during the relevant time. According to both of Miller's affidavits, she and Prince did not live together when she returned to Texas in August 1994. She continued to live apart from Prince through October 1994, when Prince entered into the ceremonial marriage with Page.

Prince's marriage to Page nullifies Miller's allegations that she was in an informal marriage with Prince after that date. When two or more marriages of a person to different spouses are alleged, courts presume that the most recent marriage is valid against each marriage that precedes it, until one who asserts a

6

previous marriage proves its validity. *Nguyen*, 355 S.W.3d at 89 (citing TEX. FAM. CODE ANN. § 6.202(a) (West 2006)). Miller's allegations that she and Prince resumed cohabiting in an informal marital relationship in Texas after the date of Prince's ceremonial marriage to Page do not raise a fact issue delaying the termination date of the alleged informal marriage. Her affidavit evidence that, after Prince's marriage to Page, Prince had been heard to refer to Miller as "my wife," or that he had been seen at her Pearland home is likewise ineffective in overcoming the summary judgment. A person may not be a party to an informal marriage if the person is "presently married to a person who is not the other party to the informal marriage." TEX. FAM. CODE ANN. § 2.401(d); *Nguyen*, 355 S.W.3d at 89.

The evidence establishes as a matter of law that Prince and Miller stopped living together in April 1993 and did not live together in Texas for more than a year after that date. The statute of limitations in effect at the time they separated required Miller to seek judicial recognition of the alleged informal marriage no more than a year after the date the relationship ended—that is, no more than a year after she could no longer arguably establish the three elements of the claim. Miller, however, did not bring her claim until 2011, nearly 17 years after that date. The trial court correctly held that the applicable statute of limitations barred Miller from claiming an informal marriage to Prince.

**Conclusion**

We affirm the judgment of the trial court.


                                        Jane Bland
                                          Justice


Panel consists of Justices Keyes, Bland, and Massengale.